[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
The Court hereby grants the defendant's Motion for Summary Judgment for the following reasons:
1. In this case, the plaintiff has sued the defendant City of Hartford for breach of contract and breach of implied covenant of good faith and fair dealing in connection with her termination from employment with the City on August 15, 1986. Both of these claims are based solely and exclusively on claimed violations by the City of several listed provisions of the collective bargaining agreement between the City and the Hartford Municipal Employees Union, of which the plaintiff was a member.
2. Following the plaintiff's termination, she sought, with the aid of her union's attorneys, to pursue a grievance against the City on the claim that she had been terminated without just cause, in violation of the collective bargaining agreement. This grievance was CT Page 12556 presented before an arbitrator from the American Arbitration Association, who rejected the plaintiff's claims and found that she had indeed been terminated for just cause.
3. The plaintiff never sought to vacate, correct or modify the award of the arbitrator, as permitted under General Statutes § 52-418. Instead, nearly six years after the date of her termination, on or about June 18, 1992, she commenced the instant action, seeking independently to litigate the same claimed violations of her rights under the collective bargaining agreement as were decided against her by the arbitrator.
4. In Connecticut, it has long been held that when a collective bargaining agreement establishes a grievance procedure as the exclusive remedy for any employee claiming violation of his rights under that agreement, the employee, as a member of the union which freely negotiated that agreement, is precluded from prosecuting an independent civil action to vindicate those rights. Kolenberg v. Boardof Education, 206 Conn. 113, 123 (1988). Thus, though any award issued by the arbitrator who is selected to hear and decide the grievance may be brought before this Court for its limited review under General Statutes § 52-418 on a timely motion to vacate, modify or correct the award, an independent action seeking to vindicate rights which were or could have been asserted before the arbitrator must be dismissed for failure to exhaust administrative remedies.
5. The plaintiff contends that the foregoing rule was abrogated when our Legislature passed General Statutes § 31-51bb, which explicitly eliminated the exhaustion requirement for all statutory or constitutional causes of action that an employee wished to pursue before this Court. As explained, however, by our Supreme Court in Genovese v.Gallo Wine Merchants, 226 Conn. 475.[,] 482 n. 8 (1993):
 The language of the statute and the legislative history of the statute . . . make clear that the Legislature intended to retain the exhaustion requirement in cases in which the plaintiff's claim arises from a right dependent on the CT Page 12557 provisions of the collective bargaining agreement.
6. In this case, the plaintiff has conceded that her claim is based entirely on "rights dependent on the provisions of the collective bargaining agreement." Id.
These claims, she has also conceded, were properly presented to the arbitrator, who denied them. Because the plaintiff failed to file a timely motion to vacate, correct or modify the arbitrator's award under General Statutes § 52-418, she has failed to exhaust her administrative remedies, and this Court is deprived of subject-matter jurisdiction over this case. Accordingly, the Court hereby grants the defendant's Motion for Summary Judgment for failure to exhaust administrative remedies, and orders the entry of a judgment of dismissal on both counts of the plaintiff's Complaint.[1]
Michael R. Sheldon Judge